**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AARON BOATRIGHT AND OTHERS
SIMILARLY SITUATED,**

                  **Plaintiffs,**

**-vs-**                                          **Case No. 6:08-cv-679-Orl-28DAB**

**MAKOTEK, LLC,**

                  **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 51)**
>
> **FILED:**      **February 26, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on their Responses to Court Interrogatories (Doc. Nos. 20, 23, 27, 28), Plaintiffs were employed by Defendants as cable technicians, receiving various rates of pay for "saves"; disconnects"; and "re-connects." Plaintiffs sought unpaid wages for alleged overtime but were unable to determine the total amount claimed until receipt of Defendant's records. *See* Doc. Nos. 20, 23, 27, 28.

The extent of the Plaintiffs' entitlement to overtime was much disputed by Defendant, who provided extremely thorough Verified Summaries of the hours worked by the Plaintiffs during each workweek, listing: their tenures, the regular rates of pay, the overtime rates of pay, straight time wages paid and overtime wages paid, with a calculation of the difference at the end of the Summaries. Doc. No. 31, 32 ,33, 34, 35, 36, 37, 39, 40.

The format of Defendant's presentation is among the most thorough Verified Summary the Court has seen in reviewing hundreds of FLSA cases[1]. Defendant that the claim of Oscar Gonzalez was time barred, in that he had not worked there since March 2005, given the three-year statute of limitation under the FLSA. Doc. No. 38. The nine Plaintiffs whose claims were not time-barred have jointly elected to split the $36,000 offer of judgment equally nine ways, or $4,000 a piece.

| Plaintiff | Length of claim | Per Save | Per Disconnect | Per Reconnect or box | Verified Summary (Difference) | Settlement |
|---|---|---|---|---|---|---|
| Aaron Boatright | 3/04-11/07 | $3.29 | $3.79 | $5.00 | $49.68 | $4,000.00 |
| Lucson Petit-Frere | 3/05-3/08 | $4.00 | $3.29 | $3.00 | ($19.12) | $4,000.00 |
| Bismark Barquero | 2/08-5/08 | $3.79[2] | – | – | $0.01 | $4,000.00 |
| Troy Riehle | 9/05-1/07 | $4.79 | – | $5.00 | ($85.57) | $4,000.00 |
| Ronald Blandin | 4/05-7/05 | $4.29 | $3.79 | – | $310.88 | $4,000.00 |
| David Blow | 7/06-6/07 | $3.79 | $3.29 | – | ($35.08) | $4,000.00 |
| Alexis Rodriguez | 6/06-8/08 | $4.29 | $3.29 | – | $68.13 | $4,000.00 |
| Luis Pardo | 4/05-4/08 | $4.29 | $3.29 | – | $223.08 | $4,000.00 |
| Oscar Gonzalez | 4/05-5/05 | $3.79 | $3.29 | – | Barred | $0.00 |
| Anthony Serrano | 2005-2008 | $4.29 | $3.29 | – | ($715.20) | $4,000.00 |
|  |  |  |  |  |  | $36,000.00 |

Defendant has agreed to pay Plaintiffs $15,000 for attorney's fees and costs. Plaintiffs' attorney, Mr. Pantas, accrued roughly 40.3 hours at an hourly rate is $300; senior paralegal time of 8.5 was expended at a rate of $105 per hour and another paralegal expended 13.9 hours at $95 per

---

[1] Because the underlying records (by Court direction) are only supplied to Plaintiffs, the Court cannot comment on the veracity of the summary.

[2] Per connection - only rate alleged. Doc. No. 23-3.

hour (which collectively totals $2,213) for a total attorney's fee of $14,303.00; as well as $858.68 in costs. Doc. No. 52-2.

Plaintiffs' acceptance of the $36,000 offer of judgment in the individual amounts of $4,000 apiece for their unpaid wages and liquidated damages, and $15,000 for attorney's fees and costs, is a fair and reasonable settlement of the merits of the case. It is **RECOMMENDED** that the settlement by offer of judgment be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 6, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy